**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTHONY J. FAILS,**

    **Plaintiff,**

vs.                                                           Case No. 4:13cv618-RH/CAS

**MICHAEL CREWS, SECRETARY,
DEPARTMENT OF CORRECTIONS,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, a pro se state prisoner, initiated a civil rights action in state court, which was removed to this Court on November 12, 2013.  Doc. 1.  Since removal, Plaintiff has objected to this case proceeding in federal court.  Plaintiff first filed an objection to removal, doc. 7, which was addressed in an Order entered on January 23, 2014.  Doc. 14.  Plaintiff then filed a "Motion for Abuse of Discretion," doc. 15, which was essentially a motion for reconsideration.  Plaintiff's motion was denied, doc. 17, and Plaintiff filed additional objections, docs. 18-19, which were overruled by United States District Judge Robert Hinkle.  Doc. 21.

    Plaintiff has now filed a notice of appeal, doc. 24, and a motion seeking leave to appeal in forma pauperis.  Doc. 26.  Defendant responded, doc. 27, advising that

Plaintiff has acquired more than "three strikes" pursuant to 28 U.S.C. § 1915(g) and is not entitled to proceed with in forma pauperis status on appeal.

Appeals are governed by Rule 54 and, as implied in that rule, "a judgment that eliminates fewer than all the claims or parties is not a final, appealable judgment" and, thus, "is not immediately appealable . . . ."  <u>Citizens Concerned About Our Children v. School Bd. of Broward Cnty.</u>, 193 F.3d 1285, 1289 (11th Cir. 1999).  Plaintiff's notice of appeal, doc. 24, does not deprive this Court of jurisdiction because Plaintiff is not appealing a final order.  Plaintiff seeks to appeal the Order, doc. 17, which denied Plaintiff's motion for reconsideration and directed Plaintiff to file a second amended complaint, and the Order, doc. 20, which overruled Plaintiff's objections to that Order.  Because the orders did not dispose of all claims, it is not final or immediately appealable to the Court of Appeals unless the district court certifies the order for immediate appeal pursuant to Fed. R. Civ. Proc. 54(b).  28 U.S.C. § 1291, § 1292.[1]  <u>Williams v. Bishop</u>, 732 F.2d 885, 885-886 (11th Cir. 1984) (dismissing appeal of summary judgment order because other claims were still pending).  There has been no certification in this case and none of Plaintiff's claims have been dismissed.  Therefore, the Eleventh Circuit Court of Appeals does not acquire jurisdiction, Plaintiff's attempted interlocutory appeal is invalid, and this Court has not lost jurisdiction.

Accordingly, Plaintiff's motion to proceed in forma pauperis on appeal, doc. 26, should be denied because Plaintiff has three strikes and the allegations of this case do

---

[1] The courts of appeals have limited jurisdiction to consider interlocutory decisions as provided for in 28 U.S.C. § 1292.  This appeal does not involve a "controlling question of law as to which there is substantial ground for difference of opinion" and an immediate appeal from Judge Hinkle's Order, doc. 20, will not "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

not entitle him to proceed with in forma pauperis status under § 1915(g), and because Plaintiff's attempted appeal is invalid.

Considering the fact that Plaintiff is proceeding pro se and may have misunderstood that his "notice of appeal" does not deprive this Court of jurisdiction to proceed, Plaintiff should be provided fourteen days from the date this Report and Recommendation is adopted to file the second amended complaint as previously directed.  Docs. 17, 23.[2]  Plaintiff is advised that this case will proceed no further until a ruling is entered on this Report and Recommendation[3] and Plaintiff files the second amended complaint.  Should Plaintiff desire to eliminate delay in this case, Plaintiff may file a notice withdrawing his notice of appeal.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to appeal in forma pauperis, doc. 26, be **DENIED** pursuant to 28 U.S.C. § 1915(g) and because Plaintiff's notice of appeal, doc. 24, is invalid as Plaintiff is not seeking to appeal a final appealable order.  It is further recommended that Plaintiff be **ORDERED** to file the second amended complaint within fourteen days of the date the

---

[2] As a matter of clarification, although some orders erroneously directed Plaintiff to file a "third amended complaint," docs. 14 and 23, because Plaintiff has only filed a first amended complaint thus far, doc. 9, Plaintiff's amended pleading to be filed will be a "second amended complaint."  See docs. 14 and 17.

[3] The denial of a motion to proceed in forma pauperis "is an appealable order" although it is "not immediately appealable."  Cafaro v. Wyllins, No. 8:10cv1836, 2010 WL 4511088 at *1 (M.D. Fla. Oct. 14, 2010), citing Roberts v. U.S. Dist. Court for the N. Dist. of Ca., 339 U.S. 844, 955, 70 S.Ct. 954, 94 L.Ed. 1326 (1950) (per curiam); Grayson v. K Mart Corp., 79 F.3d 1086, 1094, n.7 (11th Cir. 1996) (advising that "[d]ismissals that are without prejudice to refiling are not 'final' for purposes of appeal.") (other citations omitted).  A magistrate's denial of a motion seeking in forma pauperis status on appeal when the interlocutory appeal is invalid should be through a Report and Recommendation.  See Cafaro, 2010 WL 4511088 at *1.

order adopting this Report and Recommendation is entered on the docket, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 24, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**